IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard David Ridley, #285091, | ) | C/A No.: 1:15-1612-SB-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Mr. John McGill; Warden Stevenson; Mrs. Holly Scaturo; and Mrs. Kimberly Poholchuk, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Richard David Ridley ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter is before the court on Plaintiff's motion for appointment of counsel and appointment of an expert. [ECF No. 34].

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. Rather, he simply states that the issues in his case are complex and he does not have legal materials to present his case in a meaningful way. [ECF No. 34]. Although Plaintiff states that he does not have access to a law library, the court is informed that residents of the

sexually violent predator treatment program such as Plaintiff have access to legal research through a Westlaw subscription. *See Fetner v. Magil*, C/A No.: 1:15-2535-DCN-SVH at ECF Nos. 21-2.[1]

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). The court notes that Plaintiff has competently represented himself thus far. In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

Plaintiff also requests the court appoint a medical expert. Although Plaintiff has been granted in forma pauperis status, it is well-settled that a grant of such status does not mean that an "in forma pauperis plaintiff's discovery [or other court] costs either are underwritten or are waived." *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991). The district court is not required to pay for Plaintiff's expert medical witness. *Boring v. Kozakiewicz*, 833 F.2d 468, 473–75 (3rd Cir. 1987); *see also Johnson v. Hubbard*, 698 F.2d 286, 289–91 (6th Cir. 1983) (lower courts have no duty to pay for witness fees in

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

civil, non-habeas corpus cases); *see generally United States Marshals Service v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (en banc ) (in forma pauperis grant under § 1915 does not require courts of the United States to pay witness fees and other costs for indigent plaintiffs in § 1983 actions).

Therefore, Plaintiff's motion for appointment of counsel and a medical expert [ECF No. 34] is denied.

IT IS SO ORDERED.

September 28, 2015  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge