IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard David Ridley, | ) | C/A No.: 1:15-1612-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John Magill, Director DMH; Holly Scaturo, Director SVPTP, Kimberly Poholchuk, Program Coordinator, Warden Stevenson, | ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

Richard David Ridley ("Plaintiff"), proceeding pro se and in forma pauperis, is committed to the custody of the Sexually Violent Predator Treatment Program ("SVPTP") of the South Carolina Department of Mental Health ("SCDMH") pursuant to the Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10 through § 44-48-170 ("SVPA"). He brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by SCDMH Director John Magill, SVPTP Director Holly Scaturo, SVPTP Deputy Director Kimberly Poholchuk, and Broad River Correctional Institution ("BRCI") (collectively "Defendants").[1]

This matter comes before the court on the following motions by Plaintiff: (1)

---

[1] The SCDMH and the South Carolina Department of Corrections ("SCDC") have entered into an interagency agreement whereby SVPTP residents are housed in a segregated location within BRCI. *See, In re Treatment and Care of Luckabaugh*, 568 S.E.2d 338, 345 (S.C. 2002). The interagency agreement provides that the Edisto and Congaree units ("SVPTP units") of BRCI will be used to house sexually violent predators. *Id*. Under the agreement, SCDMH retains all control, care, and treatment aspects inside the SVPTP units, including internal guards, routine maintenance, and sanitation. *Id*. SCDC provides outside security, meals, laundry services, and chaplain services.

motion to move motions to the hearing docket [ECF No. 45]; (2) motion to strike affidavit [ECF No. 46]; (3) motion for default judgment [ECF No. 55]; (4) motion to expedite [ECF No. 63]; and (5) motion to amend the complaint [ECF No. 65]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned denies Plaintiff's motions.

I.     Motion to move motions to hearing docket [ECF No. 45]

Plaintiff's motion requests that the court rule on many of his filings. However, many of the documents Plaintiff claims are motions are filings to which Plaintiff is not entitled to a ruling. Additionally, despite having received a substantial number of filings from Plaintiff, the undersigned notes that the court does not appear to have received all of the documents Plaintiff referenced. However, it does not appear that any of the motions would affect the issues in this case. For instance, Plaintiff alleges he filed a motion to have the U.S. Marshal serve a subpoena on October 12, 2015 [ECF No. 45], but the deadline for discovery expired on August 11, 2015 [ECF No. 19].

Regardless, there is no specific motion docket in this court, and the court handles all motions in due course. Plaintiff's motion to move motions to the motion docket is denied.

II.    Motion to strike [ECF No. 46]

Plaintiff moves to strike the affidavit of Dr. Gothard [ECF No. 44-5], which Defendants attached to their reply brief in support of summary judgment. Dr. Gothard's

affidavit was submitted to show why SVPTP residents are prohibited from possessing the Diagnostic and Statistical Manual of Mental Disorders, 5th Edition. Although Plaintiff claims he must use the manual to show that he was misdiagnosed, but he is provided counsel for SVPA review hearings. Counsel will have access to any relevant materials. Plaintiff's motion to strike is denied.

III.    Motion for default judgment [ECF No. 55]

In his motion for a default judgment, Plaintiff alleges he filed an amended complaint on June 24, 2015. However, neither the court, nor counsel for Defendants received an amended complaint from Plaintiff. [ECF No. 57]. In addition, a review of Plaintiff's outgoing mail log reveals that, while SVPTP has recorded a substantial number of outgoing mail, there is no entry for June 24, 2015. [ECF No. 50-5]. The undersigned notes that the court has considered all of the issues Plaintiff discussed in his response to summary judgment, even if they were not contained in his original complaint. Therefore, Plaintiff's motion for a default judgment is denied.

IV.    Motion to expedite [ECF No. 63]

In his motion to expedite, Plaintiff requests the same remedy as in his motion to move motions to the motion docket. For the reasons discussed above,[2] Plaintiff's motion to expedite is denied as moot.

---

[2] The undersigned also notes that Plaintiff claims to have mailed to defense counsel and the court many documents that were never received. As Defendants note [ECF No. 64], Plaintiff claims to have receipts for these documents, but he has not produced such receipts. Plaintiff did not file reply in support of his motion.

V.      Motion to amend the complaint [ECF No. 65]

Plaintiff's motion to amend the complaint[3] was filed on May 27, 2016, over six months after Defendants filed their motion for summary judgment. Motions to amend pleadings were due by July 13, 2015. [ECF No 19]. Therefore, Plaintiff's motion to amend is denied as untimely.

IT IS SO ORDERED.

July 27, 2016                                            Shiva V. Hodges
Columbia, South Carolina                                 United States Magistrate Judge

---

[3] Plaintiff entitled the document "Second Amended Complaint." [ECF No. 65]. However, because Plaintiff is not entitled to amend his complaint as of right at this time, it was docketed as a motion to amend the complaint.