IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard David Ridley, | ) |
| | ) C/A No. 1:15-1612-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| John McGill, Director DMH; Holly | ) |
| Scaturo, Director SVPTP; Kimberly | ) |
| Poholchuk, Program Coordinator; | ) |
| Warden Stevenson, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Richard David Ridley currently is committed to the custody of the Sexually Violent Predator Treatment Program at the South Carolina Department of Mental Health pursuant to the Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 through -170 (the "SVPA"). Plaintiff, proceeding pro se, filed a complaint on April 14, 2015, asserting that Defendants violated his constitutional rights in various respects. Specifically, Plaintiff contends that:

1.  his First Amendment rights were violated because (a) he allegedly was forced to sign a contract for treatment; (b) he must participate in treatment; (c) he must incriminate himself during treatment; (d) he cannot speak freely; (e) he is not allowed to correspond with this cousin, who is in custody of the South Carolina Department of Corrections;

2.  his Fourth Amendment rights were violated because his room was searched three times between October 14, 2014, and December 17, 2014;

3.  he is subject to unconstitutional conditions of confinement because (a) his canteen privileges are restricted; (b) his food contains debris; (c) he is forced

to share his room with another person; (d) he has inadequate access to legal

resources;

4.    his Fourteenth Amendment rights have been violated because (a) he receives

inadequate group treatment; (b) "therapeutic room restriction" is used as

punishment; (c) the staff uses corporal punishment;

5.    His right to equal protection has been violated because residents are placed

in color-coded jumpsuits; and

6.    The SVPA is unconstitutional because it violates the double jeopardy and ex

post facto clauses.

See generally ECF No. 1.

Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C.

§ 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge

Shiva V. Hodges for pretrial handling.

On October 6, 2015, Defendants filed a motion for summary judgment. On October 7, 2015,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary

judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed

a response in opposition to Defendants' motion on December 3, 2015, to which Defendants filed a

reply on December 14, 2015. Plaintiff also filed a motion for temporary restraining order and/or

preliminary injunction on February 10, 2016.

On July 27, 2016, the Magistrate Judge issued a Report and Recommendation in which she

determined that restrictions placed on Plaintiff as a civilly-detained person did not depart so

substantially from accepted professional judgment that they cannot be based on professional

judgment.  See Youngberg v. Romeo, 457 U.S. 307, 324 (1982).  The Magistrate Judge noted that Plaintiff lacks standing to contest SVPTP's double-bunking policy, since he has never been double-bunked.  In addition, Plaintiff does not dispute Defendants' contention, made by affidavit of Defendant Scaturo, that Plaintiff has not been subjected to corporal punishment.  Regarding debris in Plaintiff's food, Defendant Stevenson, by affidavit, indicates that Plaintiff complained on one occasion about a container of juice smelling bad; the juice was replaced.  The Magistrate Judge determined that Plaintiff's claims relating to unconstitutional conditions of confinement did not rise to the level of a cognizable injury.

The Magistrate Judge further found that Plaintiff lacks standing to complain regarding Defendants' use of a therapeutic room restriction because he has never been subject to such a restriction.  The Magistrate Judge found that Plaintiff's complaints regarding canteen and other privileges did not implicate constitutional concerns, and that Plaintiff had failed to show how he had been singled out for discrimination regarding color-coded jumpsuits; in fact, it appear Plaintiff has never been required to wear another color jumpsuit.  In addition, the Magistrate Judge observed that courts have consistently held the SVPA is a civil, nonpunitive scheme that does not violate the double jeopardy or ex post factor clauses.  See e.g., In re Matthew, 550 S.E.2d 311, 316 (S.C. 2001). Finally, the Magistrate Judge determined that, to the extent Plaintiff sues Defendants in their official capacities, they are immune from suit under the Eleventh Amendment.  Accordingly, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted, and that Plaintiff's motion for a temporary restraining order and/or preliminary injunction be rendered moot.  Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has

3

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Defendants' motion for summary judgment (ECF No. 37) is **granted**. Plaintiff's motion for temporary restraining order and/or preliminary injunction (ECF No. 54) is **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 30, 2016

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

4