IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard David Ridley, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>John McGill, Director DMH; Holly )<br>Scaturo, Director SVPTP; Kimberly )<br>Poholchuk, Program Coordinator; )<br>Warden Stevenson, )<br>)<br>Defendants. )<br>_____ ) | C/A No. 1:15-1612-MBS<br><br><br><br>**ORDER AND OPINION** |

Plaintiff Richard David Ridley is committed to the custody of the Sexually Violent Predator Treatment Program ("SVPTP") at the South Carolina Department of Mental Health pursuant to the Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 through -170 (the "SVPA"). Plaintiff, proceeding pro se, filed a complaint on April 14, 2015, asserting that Defendants have violated his constitutional rights in various respects. See 42 U.S.C. § 1983. Plaintiff contends that:

1. his First Amendment rights have been violated because (a) he allegedly was forced to sign a contract for treatment; (b) he must participate in treatment; (c) he must incriminate himself during treatment; (d) he cannot speak freely; (e) he is not allowed to correspond with this cousin, who is in custody of the South Carolina Department of Corrections ("SCDC");

2. his Fourth Amendment rights were violated because his room was searched three times between October 14, 2014, and December 17, 2014;

3. he is subject to unconstitutional conditions of confinement in violation of the Eighth Amendment because (a) his canteen privileges are restricted; (b) his

        food contains debris; (c) he is forced to share his room with another person; (d) he has inadequate access to legal resources;

4. his Fourteenth Amendment rights have been violated because (a) he receives inadequate group treatment; (b) "therapeutic room restriction," which constitutes confinement to one's room for twenty-three hours of the day, is used as punishment; (c) the staff uses corporal punishment;

5. His right to equal protection has been violated because residents are placed in color-coded jumpsuits; and

6. The SVPA is unconstitutional because it violates the double jeopardy and ex post facto clauses.

See generally ECF No. 1.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

On October 6, 2015, Defendants filed a motion for summary judgment. On October 7, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on December 3, 2015, to which Defendants filed a reply on December 14, 2015. Plaintiff also filed a motion for temporary restraining order and/or preliminary injunction on February 10, 2016, to which Defendants filed a response in opposition on February 26, 2016. Plaintiff filed a reply on March 7, 2016. Plaintiff also filed a number of affidavits in support of his complaint on July 22, 2016, and July 25, 2016.

On July 27, 2016, the Magistrate Judge issued a Report and Recommendation in which she

recommended that Defendants' motion for summary judgment be granted, and that Plaintiff's motion for a temporary restraining order and/or preliminary injunction be rendered moot. Plaintiff filed no objections to the Report and Recommendation. Accordingly, on August 30, 2016, the court issued an order adopting the Report and Recommendation. Summary judgment was entered on August 31, 2016.

On September 8, 2016, Plaintiff filed a motion to alter judgment or amend judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)(1) and (6). Plaintiff informed the court he had not received a copy of the Report and Recommendation. Plaintiff stated he was made aware of the Report and Recommendation only by viewing it on Westlaw, an electronic database. With consent of Defendants, the court vacated its August 30, 2016, order and reopened the case to allow Plaintiff to file a response to the Report and Recommendation. Plaintiff filed objections to the Report and Recommendation on November 2, 2016, to which Defendants filed a reply on November 21, 2016. Plaintiff filed a surreply on November 29, 2016. Defendants filed a motion to strike or quash the surreply on December 1, 2016. The court will consider Plaintiff's surreply. Accordingly, Defendants' motion to strike or quash (ECF No. 96) is **denied**.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

I. DISCUSSION

Involuntarily committed mental patients, such as Plaintiff, retain a liberty interest in conditions of reasonable care and safety in reasonably nonrestrictive confinement conditions. Youngberg v. Romeo, 457 U.S. 307, 324 (1982). Courts must balance the individual's liberty interest against relevant state interests, and deference must be given to the exercise of professional judgment in order to minimize interference by the federal judiciary with the internal operations of state institutions. Id. at 321-22. A decision made by a professional is presumptively valid; liability is appropriate "only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323.

A.     Magistrate Judge's Report and Recommendation

1.     First Amendment Claims. The Magistrate Judge observed that the purpose of the SVPTP is to treat sexually violent individuals in order to allow them to return to the general public. The Magistrate Judge determined that Defendants' decisions to subject Plaintiff to reasonable restrictions on privileges if he chooses not to participate in treatment does not depart from accepted professional judgment. The Magistrate Judge noted that both the SVPTP and SCDC have policies prohibiting SVPTP residents and SCDC inmates from communicating unless they are immediate family members, and that the policies are in place for the safety of the inmates, residents, and staff of each institution. The Magistrate Judge determined that the restrictions placed on Plaintiff as a civilly-detained person did not depart so substantially from accepted professional judgment that they cannot be based on professional judgment.

2.     Fourth Amendment Claims. Regarding searches of Plaintiff's room, the Magistrate

Judge concurred with Defendants' assertion that searches of residents' rooms for contraband is necessary to maintain the security and safety of the environment. The Magistrate Judge determined that the policies did not substantially depart from accepted professional judgment and were entitled to deference.

      3.      <u>Denial of Access to Courts</u>. The Magistrate Judge next addressed Plaintiff's claim of inadequate access to the courts. The Magistrate Judge found that a weekly one-hour online research session through a Westlaw subscription is sufficient to provide Plaintiff with meaningful access to the courts. The Magistrate Judge also determined that Plaintiff failed to show how he had been injured by any limit on legal research. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 351-52 (1996).

In addition, the Magistrate Judge addressed a claim raised by Plaintiff in his response in opposition to summary judgment that Defendants unconstitutionally denied him access to the Diagnostic and Statistical Manual of Mental Disorders (the "DSM-5 Manual"). The Magistrate Judge noted that the DSM-5 Manual is for use by trained clinicians, and further that Defendants identified the possibility of misuse of the DSM-5 Manual by SVPTP residents to aid them in malingering or masking symptoms. The Magistrate Judge determined that Defendants' restricting access to the Manual did not substantially depart from accepted professional judgment.

      4.      <u>Conditions of Confinement Claims</u>. The Magistrate Judge noted that Plaintiff lacks standing to contest SVPTP's double-bunking policy, since he has never been double-bunked. In addition, the Magistrate Judge noted that Plaintiff does not dispute Defendants' contention that Plaintiff has not been subjected to corporal punishment. Regarding debris in Plaintiff's food, the Magistrate Judge noted that Plaintiff complained on one occasion about a container of juice smelling bad; the juice was replaced. The Magistrate Judge determined that Plaintiff's claims relating to

unconstitutional conditions of confinement did not rise to the level of a cognizable injury. The Magistrate Judge further found that Plaintiff lacks standing to complain of Defendants' use of a therapeutic room restriction because he has never been subject to such a restriction.

The Magistrate Judge found that Plaintiff's complaints regarding canteen and other privileges did not implicate constitutional concerns. The Magistrate Judge noted that canteen and other privileges proceed through color levels awarded through positive behavior and participating in treatment. The Magistrate Judge further observed that no residents are allowed to purchase electric razors or aspirin because of safety concerns. Accordingly, the Magistrate Judge determined that Defendants' restrictions did not substantially depart from accepted professional judgment.

5.     Equal Protection Claim. The Magistrate Judge determined that Plaintiff had failed to show how he had been singled out for discrimination regarding color-coded jumpsuits, as all SVPTP residents must use yellow jumpsuits when they are transported. See Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 602 (noting that Equal Protection Clause requires those who are similarly situated to be treated alike, absent a rational reason). The Magistrate Judge further noted that Plaintiff had never been required to wear another color jumpsuit, and therefore lacks standing to complain about color-coded jumpsuits different from the yellow jumpsuits all SVPTP residents wear.

6.     Ex Post Facto and Double Jeopardy Clause Claims

Regarding the constitutionality of the SVPA, the Magistrate Judge observed that courts have consistently held the SVPA is a civil, nonpunitive scheme that does not violate the double jeopardy or ex post facto clauses. See e.g., In re Matthew, 550 S.E.2d 311, 316 (S.C. 2001).

       7.      <u>Eleventh Amendment</u>

Finally, the Magistrate Judge determined that, to the extent Plaintiff sues Defendants in their official capacities for monetary damages, they are immune from suit under the Eleventh Amendment.

B.      <u>Plaintiff's Objections to Report and Recommendation</u>

       1.      <u>First Amendment Claims</u>.  Plaintiff states that the stakes of failing to participate in treatment are so high as to compel speech, in violation of his constitutional rights both to speak freely and to refrain from speaking at all.  Plaintiff also claims that he should be able to correspond with his cousin, a privilege he claims to have had while he was incarcerated criminally.  Plaintiff fails to establish that the incentives and restrictions placed on privileges by the professionals in charge of his treatment are not based on accepted professional judgment.  Plaintiff's objections are without merit.

       2.      <u>Fourth Amendment Claims</u>.  Plaintiff again states that his cell unreasonably was searched three times in less than ten days.  As the Magistrate Judge correctly observed, the seizure of contraband is of great importance to SVPTP.  Plaintiff fails to establish that decisions regarding searching for contraband are not based on accepted professional judgment.  Plaintiff's objection is without merit.

       3.      <u>Denial of Access to Courts</u>.  Plaintiff complains that use of Westlaw for one hour per week denies him adequate access to the courts.  To the contrary, the efficient use of Westlaw can produce results that otherwise would require many hours of research in a law library.  Plaintiff has not demonstrated that decisions to restrict Westlaw research are not based on accepted professional judgment.

Plaintiff again contends that he is being unfairly denied access to the DSM-5 Manual and that

he should have access to the publication in order to represent himself in his civil commitment case. In the court's view, Plaintiff's request to review the DSM-5 Manual should be addressed to the presiding officer in his civil commitment case, who can determine whether Plaintiff's request is relevant to any issue in the litigation. Plaintiff's objections are without merit.

    4.    <u>Conditions of Confinement Claims</u>. Plaintiff again complains of double bunking, corporal punishment, adulterated food, and therapeutic room restrictions. As the Magistrate Judge explained, Plaintiff lacks standing to complaint about double bunking, corporal punishment, and therapeutic room restrictions, since he has not been subject to any of these conditions. Further, the only evidence is that Plaintiff complained one time about his juice, and the juice was replaced. Plaintiff cannot act as a "knight-errant" for other SVPTP residents; his claims must be confined to redress for any violation of his own personal rights. <u>See</u> <u>Hummer v. Dalton</u>, 657 F.2d 621, 625-26 (4th Cir. 1981).

    Plaintiff objects to the Magistrate Judge's finding that restrictions on canteen privileges do not implicate constitutional concerns. Plaintiff states that he was able to obtain items as a prisoner that he now is prohibited from purchasing as a resident of the SVPTP. Plaintiff fails to demonstrate, however, that Defendants' awards system and their citation to safety concerns with some items are not based on acceptable professional judgment. Plaintiff's objections are without merit.

    5.    <u>Equal Protection Claims</u>. Plaintiff asserts that being placed in a bright yellow outfit when he is transported outside the facility is stigmatizing and discriminatory. Plaintiff contends that no other civilly committed individuals in care of the South Carolina Department of Mental Health are subject to this practice. Plaintiff's new assertion was not addressed by the Magistrate Judge, who reviewed Plaintiff's claim in his complaint that color-coded jumpsuits are discriminatory. <u>See</u> ECF

No 1, 5 ( "Orange is for a person who acts out sexually in the program. Green is for a person who is a perceived threat or makes threats or might be violent.").

As explained hereinabove, the Equal Protection Clause is implicated when similarly-situated persons are treated differently. Here, all SVPTP residents wear yellow jumpsuits when they are transported outside of the facility. The colored jumpsuit policy is implemented as a safety measure for SVPTP employees and residents. Affidavit of Holly Scaturo, ¶ 15, ECF No. 37-3. Plaintiff fails to demonstrate that the policy is not based on acceptable professional judgment, or that the policy is not consistently applied to similarly-situated SVPTP residents. Plaintiff's objections are without merit.

6.     <u>Ex Post Facto and Double Jeopardy Clause Claims</u>. Plaintiff states that he is being held under punitive conditions of confinement and has been provided no procedural due process protections because he has not been afforded a mental evaluation since his original commitment date of August 25, 2014.

As the Magistrate Judge explained, Plaintiff is regularly evaluated by staff to determine if there is any change in his status as meeting the legal criteria as a sexually violent predator. See Affidavit of Dr. Kelly Gothard, ¶ 11, ECF No. 44-5. Moreover, Plaintiff has a right under the SVPA to request an independent evaluation. S.C. Code Ann. § 44-48-110 provides that a person committed under the SVPA

> must have an examination of his mental condition performed once every year. The person may retain or, if the person is indigent and so requests, the court may appoint a qualified expert to examine the person, and the expert must have access to all medical, psychological, criminal offense, and disciplinary records and reports concerning the person. The annual report must be provided to the court which committed the person pursuant to this chapter, the Attorney General, the solicitor who prosecuted the person, and the multidisciplinary team. The court must conduct

9

an annual hearing to review the status of the committed person.

Plaintiff's objections are without merit.

7.     <u>Eleventh Amendment Immunity</u>.  Plaintiff states that Defendants have personally taken part in violating his constitutional rights and that they approved policies and received complaints that have been made regarding the SVPTP.  As the Magistrate Judge correctly found, Defendants are immune from liability for monetary damages in their official capacities.  With respect to Defendants' liability in their individual capacities, the court has determined no constitutional deprivations have occurred.  Plaintiff's objection is without merit.

## CONCLUSION

The court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference.  For the reasons stated herein and in the Report and Recommendation, Defendants' motion for summary judgment (ECF No. 37) is **granted**.  Plaintiff's motion for temporary restraining order and/or preliminary injunction (ECF No. 54) is **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina  
February 23, 2017

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**